# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **COREY LAMONTE MCCLURE,** | Case No. 4:16-cv-13104 |
| Petitioner, | HON. TERRENCE G. BERG |
| vs. | **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS** |
| **CARMEN PALMER,** | |
| Respondent. | |

This is a habeas case brought pursuant to 28 U.S.C. § 2254. The petitioner, Michigan state prisoner Corey Lamont McClure, challenges his convictions in the Wayne County Circuit Court of kidnapping, Mich. Comp. Laws § 750.349(1)(c), two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e), and three counts of armed robbery, Mich. Comp. Laws § 750.529. Petition at 2, ECF No. 1, PageID.2. Petitioner is serving a term of fourteen years, three months, to twenty-five years. *Id.* The petition raises one claim of ineffective assistance of trial counsel under two theories: that counsel was ineffective during plea negotiations and for failing to file a motion to suppress evidence. *Id.* at 3.

For the reasons stated below, the Petition will be **DENIED**. The Court also **DENIES** Petitioner a certificate of appealability and permission to proceed on appeal *in forma pauperis*.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in Wayne County Circuit Court following a jury trial of kidnapping, two counts of first-degree criminal sexual conduct, three counts of armed robbery, and three counts of felonious assault.[1] The circumstances leading to his convictions began with Petitioner calling for in-home escort services.

Bellayna Wells came to see Petitioner at a house on Portlance Street in Detroit, after he called in response to her ad in Backpages.com. 7/15/13 Trial Tr. at 162, 250, ECF No. 5-6, PageID.374, 462. She was driven to the home by two friends who stayed in the car outside the house. *Id*. at 164, PageID.376. On her arrival, Petitioner brandished a gun at her and ordered her to the basement. *Id*. at 169, PageID.381. He ordered her to strip and took the money she emptied from her pockets. *Id*. at 173–74, 179, PageID.385–86, 391. Petitioner demanded oral sex and she complied. *Id*. at 175–76, PageID.387–88. He pointed a gun at her head while he penetrated her vaginally with his penis. *Id*. at 176, PageID.388.

Petitioner and Wells then went outside. When they approached her friends' car, Petitioner pointed the gun at them and demanded money.

---

[1] The Michigan Court of Appeals reversed Petitioner's convictions on three counts of felonious assault, Mich. Comp. Laws § 750.82(1). *People v. McClure*, No. 317995, 2015 WL 302683, at *1 (Mich. Ct. App. Jan. 22, 2015).

*Id.* at 182, PageID.394. He threatened to take the car and took the keys out of the ignition, but then returned the keys and told the women to leave. *Id.* at 184, PageID.396. Before they left, Petitioner took phones from both Wells and one of her friends. *Id.* at 183, PageID.395. The women reported the incident to the police. *Id.* at 186, PageID.398.

Detroit Police Officer Robert Kane was the officer in charge of Petitioner's case. 7/17/13 Trial Tr. at 65, ECF No. 5-8, PageID.655. Wells and the other women identified Petitioner from a photo array. *Id.* at 81, PageID.671. Kane then sought the assistance of the "special operations division" of the Detroit Police Department for their aid in arresting Petitioner. *Id.* at 83, 86, PageID.673, 676. Kane discovered that Petitioner was on probation. *Id.* at 87, PageID.677.

Petitioner's assigned probation officer was Marcus Robinson. Robinson accompanied Kane and special operations officers to a house on Kenmore Street in Detroit, where they determined Petitioner was. 7/16/13 Trial Tr. at 23–24, ECF No. 5-7, PageID.501–02; 7/17/13 Trial Tr. at 87, ECF No. 5-8, PageID.677. Robinson told the young woman who answered the door that they were there for a "home check"—typical for probationers. 7/16/13 Trial Tr. at 25, ECF No. 5-7, PageID.503. The officers walked through the house but left when they were told Petitioner was not home. *Id.* at 26, PageID.504. Five or ten minutes later, the officers returned to the house and found Petitioner hiding under a mattress in an upstairs bedroom. *Id.* at 27, PageID.505.

During their search for Petitioner, but before they located him under the mattress, Robinson found what he thought was a firearm on top of the refrigerator in the kitchen. *Id.* at 28, PageID.506. He determined it was not a real gun, but a "facsimile." *Id.* at 29, PageID.507; Trial Tr. 7/17/13 at 91, ECF No. 5-8, PageID.681. Petitioner was arrested by the Detroit Police Department. *Id.* at 36, PageID.514.

Petitioner was not arrested pursuant to an arrest warrant, nor did the officers have a search warrant for the residence. Rather, this was a "home check" performed by probation officer Robinson pursuant to the rules of probation. Trial Tr. 7/17/13 at 119, ECF No. 5-8, PageID.709. Although there were no warrants for the search or the arrest, there was no need to obtain one. 7/16/13 Trial Tr. at 31, ECF No. 5-7, PageID.509. He "recovered th[e] firearm under the purview of a home check" and turned it over to the Detroit Police Department. *Id.* at 36, 38, PageID.514, 516.

During cross-examination of Robinson, Petitioner's defense counsel tried to establish that the search of the Kenmore house was illegal, but the court sustained the prosecution's objection. 7/16/13 Trial Tr. at 38-39, ECF No. 5-7, PageID.516–17. Trial counsel did not raise the issue again. *See* 7/16/13 Trial Tr., ECF No. 5-7; 7/17/13 Trial Tr. ECF No. 5-8; 7/18/13 Trial Tr., ECF 5-9. During trial, the court dismissed the felony firearm charge against Petitioner. Trial Tr. 7/17/13 at 132, ECF No. 5-8, PageID.722. However, the court also denied trial counsel's motion for a

directed verdict on the three charges of felonious assault (also known as "assault with a dangerous weapon"). Trial Tr. 7/17/13 at 123, 128, 135, ECF No. 5-8, PageID.713, 718, 725. Petitioner was convicted on all counts. 7/18/13 Trial Tr. at 16-17, ECF No. 5-9, PageID.810-11.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising the following three grounds for relief: (1) His convictions for assault with a dangerous weapon must be vacated because the firearm used in the offense was not real, (2) trial counsel was constitutionally ineffective during plea negotiations, and (3) the warrantless search of his residence by the probation officer violated the Fourth Amendment and the weapon found should have been suppressed.

Simultaneously with his brief on appeal, Petitioner filed two motions to remand through appellate counsel. The first sought a *Ginther*[2] hearing to establish trial counsel's ineffectiveness for his failure to have the felonious assault charges dismissed during pre-trial plea negotiations. Mich. Ct. App. Record at 67, ECF No. 5-11, PageID.922. Petitioner's second motion sought a remand for an evidentiary hearing "For Purposes of Fourth Amendment Analysis," to establish the warrantless search and seizure was unconstitutional. It stated that trial counsel was ineffective for failing to move to suppress evidence obtained

---

[2] A "*Ginther* hearing" permits a defendant "to further develop the record as it pertain[s] to her ineffective assistance of counsel claims." *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 714 (E.D. Mich. 2006) (citing *People v. Ginther*, 212 N.W.2d 922 (1973)).

during that search. *Id*. at 61, PageID.916. The Court of Appeals denied both motions. *Id*. at 71, PageID.926. Petitioner did not appeal the denials.

The Court of Appeals denied Petitioner relief on his ineffective assistance of counsel and Fourth Amendment claims but vacated the felonious assault convictions and remanded for re-sentencing "if necessary." *People v. McClure*, No. 317995, 2015 WL 302683, at *6 (Mich. Ct. App. Jan. 22, 2015). Petitioner's *pro per* application for leave to appeal to the Michigan Supreme Court raised the same three issues that were before the court below. *See* Mich. Sup. Ct. Record, ECF No. 5-12. Again, the denial of the motions to remand was not included in Petitioner's application for leave. *Id*.

The Michigan Supreme Court denied leave to appeal in a standard order, because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. McClure*, 497 Mich. 1031 (2015). Petitioner's convictions were final on August 26, 2015. He filed this petition on August 26, 2016.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law, "as determined by the Supreme Court of the United States" at the time the state court renders its decision. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (citations omitted).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405–06); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of a petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "[A]n 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015); *see also Wiggins*, 539 U.S. at 520–21 ("the state court's decision must have been more than incorrect or erroneous") (citations omitted).

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized

"that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Section 2254(d) thus "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . ." *Id.*

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). Accordingly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

## III. DISCUSSION

The petition before the Court raises a single claim of ineffective assistance of counsel under two theories. First, Petitioner argues that trial counsel was ineffective during plea bargaining because he failed to move for a reduction in Petitioner's charges, which he believes would have resulted in greater negotiating leverage. Second, Petitioner

contends counsel was ineffective in failing to object to the Fourth Amendment violation based on the warrantless search of his home and seeking to suppress the weapon found.

Respondent argues that trial counsel was effective during plea negotiations, as demonstrated by a very favorable final offer which Petitioner rejected. Respondent also argues that Petitioner's second argument not only lacks merit but is procedurally defaulted, as Petitioner did not raise this specific issue in the state courts.

## A. Plea negotiations

Claims for habeas relief because of ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). That is, a habeas petitioner must first show "that counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Lafler*, 494 F. App'x 526, 532 (6th Cir. 2012) (per curiam) (quoting *Strickland*, 466 U.S. at 694). *Strickland* requires a "strong presumption that counsel's conduct [fell] within the wide range

of reasonable professional assistance[,]" *Abby*, 742 F.3d at 226 (citing *Strickland*, 466 U.S. at 689), and that "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Bell*, 535 U.S. at 698 (citing *Strickland*, 466 U.S. at 689).

AEDPA provides the second layer of deference, under which the Court may "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 134 S. Ct. at 18). "'The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,' which 'is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'" *Harrington*, 562 U.S. at 101.

The state court of appeals' determination that Petitioner received effective assistance of counsel was not unreasonable. Before trial, he faced one count of kidnapping, two counts of criminal sexual conduct, first degree, three counts each of armed robbery and felonious assault, and one count of felony firearm. Trial Tr. 7/15/13 at 7, ECF No. 5-6, PageID.219. Three of those charges carried possible sentences of "life or for any term of years." Mich. Comp. Laws §§ 750.349(3) (kidnapping), 750.520b(2)(a) (criminal sexual conduct, first degree), 750.529 (armed robbery). In addition, the prosecution asserted it would seek consecutive sentencing. *Id.* at 4, PageID.216.

Petitioner received two plea offers. In the first offer, if he pled guilty to criminal sexual conduct, third degree, and felony firearm, all other counts were dismissed with a sentence agreement of five to sixteen years plus the consecutive two-year term for the firearm charge. Trial Tr. 7/15/13 at 3, ECF No. 5-6, PageID.215. In the second offer, Petitioner could plead guilty only to the charge of criminal sexual conduct, third degree, in exchange for a term of six to fifteen years and no felony firearm enhancement. Trial Tr. 7/15/13 at 4, ECF No. 5-6, PageID.216. Petitioner turned down both offers and went to trial. *Id.*

Petitioner was convicted on all charges, Ct. App. Rec. at 16, ECF 5-11, PageID.871, except the felony firearm count which was dismissed. Sent. Tr. at 4-5, ECF No. 510, PageID.823–24. On the kidnapping charge, he was sentenced to roughly fourteen to twenty-five years (171–300 months), and on the criminal sexual conduct charges, he was sentenced to roughly eleven to twenty years (135–240 months). He also received lesser terms for the armed robbery and felonious assault counts.

On this record, the state court of appeals' finding that Petitioner had received effective assistance of counsel was reasonable. Counsel had effectively negotiated down from ten counts against Petitioner to a single count, with a sentence agreement containing a prison term that was considerably shorter than Petitioner received after conviction.

Petitioner is thus unable to demonstrate that trial counsel's performance was objectively unreasonable. Nor can he can demonstrate

any prejudice resulting from his counsel's performance. To demonstrate prejudice, Petitioner must show "a reasonable probability" of a different outcome, absent counsel's errors. *Lafler*, 566 U.S. at 163. This requires a "substantial" likelihood, not just a "conceivable" one. *Harrington*, 562 U.S. at 112 (citing *Strickland*, at 693.); *see also Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004) ("[S]peculation is insufficient to make out a successful claim of prejudice.").

*Lafler* provides more specific guidance where, as here, a petitioner claims that a favorable plea offer was not made because of counsel's alleged error in failing to move to reduce certain charges:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that *the defendant would have accepted the plea* and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 163–64 (emphasis added).

Here, Petitioner makes no attempt to establish a reasonable probability that a different and better offer would have been forthcoming if counsel sought to have the three felonious assault charges dismissed before trial. He instead argues that he "will never know" if the prosecution would have made different offer because his counsel never

moved to have the charges reduced. Petition at 18, ECF No. 1, PageID.18. He also states that he "*may* have accepted a better offer. It is all guess work." *Id*. (emphasis added). Prejudice cannot be established by speculation, especially not when Petitioner himself cannot say whether he would have accepted a different plea offer.[3]

In addition, Petitioner's argument extends beyond *Lafler*'s issue of objectively substandard advice to the assertion that trial counsel was ineffective for his failure to obtain a better bargaining position through motion practice. But attorneys cannot be found ineffective for not filing a futile motion or not "rais[ing] . . . meritless arguments." *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). Here, the trial court denied counsel's motion for directed verdict on the same counts Petitioner would have counsel try to dismiss before trial, indicating that a pre-trial attempt would likely have failed.

For the same reasons explained above, Petitioner cannot establish prejudice for counsel's failure to seek dismissal. He cannot say what the better offer might have been, but for the counts that should have been

---

[3] It is also noteworthy that both plea offers that were extended would have dropped the three felonious assault charges, indicating that the prosecution was willing to forego those charges (even if no motion had been made to reduce the charges). Consequently, it is not clear why moving to dismiss those charges would have given Petitioner any additional leverage in the negotiations—the prosecution was already willing to drop those charges in exchange for a plea and it is not clear why a court's dismissing them would have weakened the prosecution's hand regarding the strength of its case on the remaining charges.

dismissed, and does not even state that he would have accepted that better offer.

The state court denied relief on this claim, reasoning that trial counsel's performance was not deficient because he obtained "very generous" plea offers and because he cannot be deemed ineffective for failing to raise futile motions. *McClure*, No. 317995, 2015 WL 302683, at *4. Further, the court said Petitioner could not establish prejudice because he declined plea offers that did not include felony firearm and felonious assault charges that were dismissed or overturned on appeal. The state courts were not unreasonable to find that Petitioner did not receive constitutionally ineffective assistance of counsel.

## B. Failure to suppress evidence found in the warrantless search

Petitioner's second theory of ineffective assistance is that trial counsel was ineffective for not moving for suppression of the weapon taken into evidence during a warrantless search of his home. Respondent argues that the claim is meritless and that it was procedurally defaulted as it was not raised before the state court.

The state court found the search and seizure constitutional but did not address whether counsel was ineffective in relation to the Fourth Amendment issue. *McClure*, No. 317995, 2015 WL 302683, at *5. The court applied United State Supreme Court precedent which held that

"the government may execute a warrantless search of a probationer's home upon a showing of reasonable suspicion." *Id.* (citing *United States v. Knights*, 534 U.S. 112, 118 (2001)). It found adequate basis for reasonable suspicion in testimony indicating Petitioner "was a suspect in a crime." *Id.* at *6.

"[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, 563–64 (6th Cir. 2012) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)). "To avoid procedurally defaulting a claim, the prisoner must have exhausted his or her remedies in state court." *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires "the state courts [have] a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court." *Woods v. Booker*, 450 F. App'x 480, 488 (6th Cir. 2011) (citing *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

"To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his or her claim." *Carter*, 693 F.3d at 564 (citing *Williams*, 460 F.3d at 806; *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004)). "[A] petitioner must present enough information to allow the state courts to apply controlling legal principles to the facts bearing upon his constitutional claim." *Woods*, 450 F. App'x at 488 (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).

In addition, "the petitioner's federal habeas petition must be based on the same theory presented in state court and cannot be based on a wholly separate or distinct theory." *Carter v. Mitchell*, 693 F.3d at 568 (citing *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). In *Wong*, the petitioner asserted constitutionally ineffective assistance of counsel, but her theory to support ineffectiveness shifted between state court proceedings (failure to pursue an insanity defense) and federal court (failure to investigate an alternate expert). *Id.* (citing *Wong*, 142 F.3d at 319, 321). *Wong* held that the latter theory was procedurally defaulted because it had not been presented to the state court. *Id.* (citing *Wong*, 142 F.3d at 322).

Exhaustion demands habeas petitions conform to state procedural requirements: "[C]laims that have not been raised in compliance with state procedural rules are barred in federal court." *Hill v. Mitchell*, 842 F.3d 910, 951–52 (6th Cir. 2016) (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). For instance, the Sixth Circuit has explained that a motion to remand could not support exhaustion because that argument "ignores the procedural norms of the Michigan Court of Appeals . . . [that] it will review only those claims 'stated in the questions presented section of [a] defendant's brief [or] suggested by the stated issues.'" *Woods*, 450 F. App'x at 489 (citing *People v. Ewing*, 2005 WL 658835 at *4 (Mich. Ct. App. 2005)).

Here, the issues Petitioner's brief presented on appeal in the state court were the constitutionally ineffective performance of trial counsel during plea negotiations and the substantive question of whether the warrantless search of his residence by the probation officer violated the Fourth Amendment. Both issues were "fairly presented" to the Michigan Court of Appeals, the court addressed them both, and they are thus exhausted.

By contrast, Petitioner's second theory of ineffective assistance, counsel's failure to move to suppress evidence, was not raised in any of the questions presented in his brief before the state court. The issue only appears briefly as factual background in his motion to remand for an evidentiary hearing. *See* Ct. App. Rec. at 61, ECF 5-11, PageID.916. This pleading cannot provide a basis for habeas relief; the motion concludes that "police circumvented the Fourth Amendment's warrant requirement" and requests an evidentiary hearing to further develop the record if the court requires. *Id.* at 62, PageID.917. The motion did not request the state court find counsel ineffective on this issue, nor did it request a remand for an evidentiary hearing to establish his ineffectiveness.

The Sixth Circuit has consistently held that raising an ineffective assistance claim before the state courts does not exhaust the constitutional claim underlying the issue of counsel's performance. *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005). In *White*, the petitioner

sought habeas relief on the grounds "that the prosecution impermissibly used its peremptory challenges to purposely exclude women from the jury and that he was denied a fundamentally fair trial as a result pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986)." *Id*. at 525.

The court did not disagree with the district court's finding that the petitioner had properly exhausted his ineffective assistance claim over counsel's failure to raise a *Batson* challenge. *Id*. at 526. However, it found the *Batson* claim itself procedurally defaulted, "because it had not been raised in any state court." *Id*. The court held that the two grounds for relief, the constitutional violation and the related ineffective assistance claim, were "analytically distinct." *Id*. Thus, the latter claim "[could] not function to preserve the preemptory challenge argument." *Id*. (citing *Prather v. Reese*, 822 F.2d 1418, 1421 (6th Cir. 1987)); *accord*, *Gross v. Warden, Lebanon Corr. Inst.*, 426 F. App'x 349, 359 (6th Cir. 2011); *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

The Eastern District of Michigan has repeatedly held that raising the underlying constitutional violation in the state courts fails to exhaust a claim of ineffective assistance of counsel related to that violation. *See Smith v. Woods*, No. 2:12-CV-14926, 2012 WL 5950369, at *3 (E.D. Mich. Nov. 28, 2012) (citing *White*, 431 F.3d at 526) (challenging the validity of a guilty plea did not exhaust the related ineffectiveness claim); *Phillips v. Burt*, No. 2:08-13032, 2009 WL 646651, at *3 (E.D. Mich. Mar. 10, 2009) (citing *White*, 431 F.3d at 526) (petitioner exhausted an

entrapment defense but not the ineffective assistance claim); *Haynes v. Birkett*, No. 2:07-CV-14520-DT, 2008 WL 2858676, at *4 (E.D. Mich. July 23, 2008) (citing *White*, 431 F.3d at 526) (raising a claim that the statute of limitations precluded prosecution did not exhaust the related ineffectiveness claim). Accordingly, Petitioner's claim in the state courts of a Fourth Amendment violation could not preserve his ineffectiveness of counsel claim.

Even when a habeas claim is procedurally defaulted, federal courts may choose to address the merits of that claim. *See Hudson v. Jones*, 351 F.3d 212, 215–16 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir.1997); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). And on the merits, Petitioner's claim still fails.

The Michigan Court of Appeals cited *United States v. Knights*, 534 U.S. 112, the appropriate precedent to evaluate a warrantless search of a probationer's home. The *Knights* Court held that "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable" and a warrant requirement

is unnecessary. *Id.* at 121 (citing *Illinois v. McArthur*, 531 U.S. 326, 330 (2001)).

Here, the probation officer knew that Petitioner was a suspect in a "new crime." 7/16/13 Trial Tr. at 31, ECF No. 5-7, PageID.509. And as a probationer, Petitioner was subject to "home check[s]," which the probation officer deemed "commonplace" (*id.* at 25, PageID.503), reflecting *Knights*' "search condition." *Knights*, 531 U.S. at 121.

Accordingly, the state court was not unreasonable to find that the warrantless search that yielded a gun did not violate Petitioner's Fourth Amendment rights. Petitioner's trial counsel cannot be ineffective for failing to challenge that search. A motion on that issue would have been a "meritless argument" under *Mapes*, 171 F.3d at 427.

## IV. CONCLUSION

Accordingly, Petitioner's petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**. For the same reasons that the Court denies the petition, the Court discerns no good-faith basis for an appeal. The Court therefore **CERTIFIES** that any appeal from this decision could not be taken in good faith and **DENIES** Petitioner a certificate of appealability and leave to appeal this decision in forma pauperis. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated:  August 1, 2019          s/Terrence G. Berg
—————————————————————
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 1, 2019.

s/A. Chubb
—————————————————————
Case Manager